IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:16-cv-00146-MR
(CRIMINAL CASE NO. 2:08-cr-00024-MR-DLH-1)

| | |
|---|---|
| JAMES F. KANE, ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed under 28 U.S.C. § 2255 [CV Doc. 1], the Government's Motion to Dismiss Petitioner's Successive Motion to Vacate [CV Doc. 5], and Petitioner's Motion for Alternative Relief under 28 U.S.C. § 2241 [CV Doc. 7].[1] Petitioner is represented by Joshua Carpenter of the Federal Defenders Office of Western North Carolina.

For the reasons that follow, the Court grants the Government's motion to dismiss and dismisses the motion to vacate. Furthermore, to the extent

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting that the document is listed on the docket in the civil case file number 1:16-cv-00146-MR, or the letters "CR" denoting that the document is listed on the docket in the criminal case file number 2:08-cr-00024-MR-DLH-1.

that Petitioner seeks alternative relief under 28 U.S.C. § 2241, his petition will be dismissed without prejudice to Petitioner filing the § 2241 petition in the district in which he is confined.

**I.     BACKGROUND**

In March 2009, Petitioner James Kane pleaded guilty to possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). [CR Doc. 7: Indictment; CR Doc. 23: Acceptance and Entry of Guilty Plea]. In March 2010, Petitioner was sentenced as an armed career criminal pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), to a term of 180 months' imprisonment based on his prior New Jersey convictions for reckless use of a deadly weapon, burglary (two counts), and aggravated sexual assault. [CR Doc. 35: Judgment]. The Fourth Circuit affirmed Petitioner's conviction and sentence. United States v. Kane, 434 F. App'x 175, 176-77 (4th Cir. 2011). The Supreme Court denied Petitioner's petition for a writ of certiorari. Kane v. United States, 132 S. Ct. 1092 (2012).

In 2012, Petitioner filed his first motion to vacate, arguing that he was entitled to relief under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), because his New Jersey conviction for reckless use of a deadly weapon was not punishable by more than a year in prison. See Kane v.

United States, No. 2:12-cv-00027-MR (W.D.N.C.). This Court denied the motion, determining that Petitioner's prior offense was punishable by up to eighteen months in prison, and declined to issue a certificate of appealability. [CR Doc. 54].

In 2016, Petitioner sought authorization from the Fourth Circuit to file a second or successive motion to vacate, asserting that in light of Johnson v. United States, 135 S. Ct. 2551 (2015), his 180-month sentence under the ACCA is invalid. On June 1, 2016, the Fourth Circuit granted Petitioner's motion for authorization, finding that he made a prima facie showing that a new rule of constitutional law under Johnson, made retroactive to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), "may apply to his case." [CR Doc. 56-1 at 2]. The Fourth Circuit's order direted this Court to determine, in the first instance, whether the new rule in Johnson applies to Petitioner's case.

Petitioner's successive motion to vacate was filed in this Court the same day. [CV Doc. 1 at 1]. The Government was ordered to respond to Petitioner's motion and received two extensions of time to respond. [CV Doc. 2 and entries dated July 11 and August 11, 2016]. On September 9, 2016, the Government filed a motion to dismiss the motion to vacate as an unauthorized successive petition. [CV Doc. 5]. On September 22, 2016,

Petitioner filed a response and a motion for alternative relief under 28 U.S.C. § 2241. [CV Docs. 6, 7]. On September 29, 2016, the Government filed a Reply to Petitioner's Response. [CV Doc. 8].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996, a prisoner cannot file a "second or successive" motion under Section 2255 unless it is "certified ... by a panel of the appropriate court of appeals to contain -- (1) newly discovered evidence ... or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Before filing a successive motion to vacate, a prisoner must obtain authorization from a circuit court. 28 U.S.C. § 2244(b)(3)(A).

To obtain authorization to file a successive motion to vacate, a prisoner need only make a prima facie showing that his motion satisfies the requirements of 28 U.S.C. § 2244(b). That is, the prisoner must make "'a sufficient showing of possible merit to warrant a fuller exploration by the district court.'" In re Williams, 330 F.3d 277, 281 (4th Cir. 2003) (quoting Bennett v. United States, 119 F.3d 468, 469-70 (7th Cir. 1997)). After the circuit court performs its gatekeeping function and authorizes a successive motion to vacate based on a prima facie showing that the motion qualifies, the district court considering the application must examine each claim independently to determine whether each claim meets the standards in Section 2244(b). United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003); see also Reyes-Requena v. United States, 243 F.3d 893, 899-900 (5th Cir. 2001) (holding that 28 U.S.C. § 2244(b)(4) has been incorporated into Section 2255). "A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." 28 U.S.C. § 2244(b)(4).

Here, as noted, the Fourth Circuit authorized Petitioner to bring this successive petition, stating in its order that Johnson "may apply to his case." In re Kane, No. 16-832 (4th Cir. 2016), Doc. 7-2. A review of the record

5

shows, however, that Johnson is not applicable here. Under 18 U.S.C. § 924(e), a defendant qualifies as an armed career criminal if he is convicted of being a felon in possession of a firearm and he has at least three prior convictions committed on occasions different from one another that qualify as a serious drug offense or a violent felony. A "violent felony" is defined to include a crime punishable by over one year in prison that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B)(i), (ii). In Johnson, the Supreme Court held that the provision defining "violent felony" to include a prior conviction for an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," known as the "residual clause" of the ACCA's "violent felony" definition, is void for vagueness. Johnson, 135 S. Ct. at 2556, 2558. However, the Court did not strike the remainder of the "violent felony" definition, including the four enumerated offenses and the "force clause" of § 924(e)(2)(B)(i). Id. at 2563.

Thus, to establish a claim under Johnson, a petitioner must show that he was sentenced for an offense that qualified as an ACCA predicate *only* under the residual clause of the ACCA. See In re Moore, 830 F.3d 1268,

6

1273 (11th Cir. 2016) (holding a movant cannot obtain relief "unless he proves that he was sentenced using the residual clause"). Here, the Court adopted the PSR's recommendation that Petitioner's prior conviction for reckless use of a deadly weapon qualified as a predicate offense under the force clause of the ACCA, and that determination was not challenged on appeal. [See CR Doc. 26: PSR Addendum at 23-24]. Further, the Court determined that Petitioner's prior convictions for burglary qualified as ACCA predicates as enumerated offenses. [See CR Doc. 45: Sent. Tr. at 33-35]. That determination was affirmed on appeal. See Kane, 434 F. App'x at 176-77 (concluding that Petitioner's burglary convictions qualified as enumerated offenses using the modified categorical approach)].[2] Thus, it is the law of the case that Petitioner was properly sentenced under the ACCA without application of the ACCA's residual clause. See United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (discussing law of the case doctrine and exceptions); United States v. Boysaw, 266 F. App'x 284, 285 (4th Cir. 2008) (holding that law of the case doctrine foreclosed defendant's challenge to ACC designation on remand for resentencing). Accordingly, Petitioner's

---

[2] Petitioner does not challenge the use of his prior aggravated sexual assault conviction to support his ACCA enhancement.

sentence does not implicate the new rule of constitutional law announced in Johnson.

Even though he conceded that his burglary convictions qualified as enumerated offenses at the time of his sentencing, Petitioner now argues that his prior convictions for burglary no longer qualify as enumerated offenses under the ACCA in light of Descamps v. United States, 133 S. Ct. 2276 (2013). In Descamps, the Supreme Court held that courts may not apply the modified categorical approach to sentencing under the ACCA when the crime for which the defendant had been convicted has a single, indivisible set of elements. Petitioner contends that because the New Jersey burglary statute is broader than generic burglary, Descamps dictates that his burglary convictions no longer qualify as enumerated offenses under the ACCA. Because these convictions no longer qualify as enumerated offenses, he argues, such convictions *would have* only qualified under the residual clause, which has now been invalidated under Johnson. [CV Doc. 1 at 5].

Petitioner's attempt to bootstrap his claim under Johnson, however, is unavailing because this Court *did not* apply the residual clause when sentencing Petitioner. "[I]t is not enough for a federal prisoner to simply cite Johnson as the basis for the claim or claims he seeks to raise in a second or

successive § 2255 motion, but he also must show that he was sentenced, at least in part, under the residual clause and thus that he falls within the new substantive constitutional rule announced in Johnson." In re Hires, 825 F.3d 1297, 1299 (11th Cir. 2016). Whether a petitioner was sentenced under the residual clause is determined *as of the time of his sentencing.* See Hires, 825 F.3d at 1303; King v. United States, No. 16-cv-22261, 2016 WL 4487785, at *9 (S.D. Fla. Aug. 24, 2016) (holding that "Descamps and Mathis [v. United States, 136 S. Ct. 2243 (2016)] should not be applied retroactively to determine whether a movant has been sentenced under the residual clause"); Woodgett v. United States, No. 09-cr-00263-KD-N, 2016 WL 4179994, at *3 (S.D. Ala. Aug. 5, 2016) (stating that "the precedent at the time of [the petitioner's] sentencing was that third degree burglary was an ACCA predicate offense. The residual clause played no part in the Court's determination. Thus, its invalidation has no bearing on [the petitioner's] sentence."). In short, a petitioner may not use Johnson "as a portal to relitigate whether a prior . . . conviction qualifies under the elements clause." In re Hires, 825 F.3d at 1303.

The cases cited as support for Petitioner's argument do not help him. In those cases the record showed either that the sentences at issue had been enhanced through application of the residual clause, or that they *may*

*have been* enhanced through application of the residual clause. See, e.g., United States v. Christian, No. 16-35247, 2016 WL 4933037, at *1 (9th Cir. Sept. 16, 2016) (unpublished) (allowing a Johnson claim where, "in sentencing [the petitioner], the district court relied at least in part on the unconstitutionally vague residual clause of the ACCA's 'violent felony' definition"); In re Adams, 825 F.3d 1283, 1285-86 (11th Cir. 2016) (on a motion seeking authorization to file a second or successive petition, finding that petitioner made prima facie showing that he may have been sentenced under the residual clause based on his objections at sentencing, as well as the binding precedent that his conviction qualified under the residual clause); United States v. Ladwig, No. 2:03-cr-232, 2016 WL 3619640, at *3 (E.D. Wa. June 28, 2016) (finding petitioner showed that the sentencing court "might have relied" on the residual clause); United States v. Navarro, No. 2:10-CR-2104-RMP, 2016 WL 1253830, at *3 (E.D. Wash. Mar. 10, 2016) (noting that the record "is silent with respect to whether the district court made the determination based on the residual clause or some other clause"). Here, however, Petitioner does not contend that he was sentenced under the residual clause. Indeed, the record is clear that he was not. [CR Doc. 26 at 23-24; Kane, 434 F. App'x at 176-77]. Because Petitioner was not sentenced under the residual clause, he has not stated a Johnson claim.

Petitioner's attempt to attack his burglary convictions under Descamps is also unavailing because Petitioner cannot meet his burden to show that Descamps is a new rule of constitutional law that was previously unavailable, as is required by 28 U.S.C. §§ 2244(b)(2) and 2255(h)(2). First, Descamps is not a new rule; it was decided in 2013 and was therefore previously available to Petitioner. Further, "Descamps is a rule of statutory interpretation, not constitutional law." In re Griffin, 823 F.3d 1350, 1356 (11th Cir. 2016). Because Descamps is not "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," a Descamps claim will not support a successive motion to vacate. See Griffin, 823 F.3d at 1356. For all of these reasons, Petitioner's arguments with respect to his predicate burglary convictions are without merit.

Petitioner further argues that his reckless use of a deadly weapon conviction no longer qualifies as a predicate offense under the force clause. This argument, too, lacks merit. Petitioner was convicted under N.J. Stat. Ann. § 2C:12-1, which prohibits recklessly causing bodily injury to another with a deadly weapon. [See CR Doc. 26: PSR at ¶ 47]. Petitioner contends that a *mens rea* of recklessness is insufficient to establish the use of force under the ACCA. [CV Doc. 1 at 5]. The Supreme Court, however, recently

11

recognized that a *mens rea* of recklessness is sufficient, because "[a] person who assaults another recklessly 'use[s]' force, no less than the one who carries out that same action knowingly or intentionally." Voisine v. United States, 136 S. Ct. 2272, 2280 (2016). Thus, Petitioner's prior conviction for reckless use of a deadly weapon continues to qualify as an ACCA predicate under the force clause.[3]

For all of these reasons, the Court concludes that Petitioner's motion to vacate must be denied.

Alternatively, Petitioner seeks to present his claim for relief pursuant to 28 U.S.C. § 2241. [Doc. 7]. Any such claim, however, must be brought in the district in which Petitioner is currently confined, unless the Government waives venue. See United States v. Poole, 531 F.3d 263, 264, 273 (4th Cir. 2008) (citing Rumsfield v. Padilla, 542 U.S. 426, 447 (2004)). Because no such waiver has been made here, the Court will dismiss Petitioner's § 2241 petition without prejudice to renewal in the district of confinement.

---

[3] Even if Petitioner could show that this predicate offense no longer qualified, he still would have the requisite three predicate offenses to support his ACCA enhancement given his convictions for aggravated sexual assault and two counts of burglary.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's motion to vacate is dismissed as successive, and Petitioner's § 2241 petition is dismissed without prejudice.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss [CV Doc. 5] is **GRANTED**, and the Petitioner's Motion to Vacate [CV Doc. 1] is **DISMISSED** as a successive petition.

**IT IS FURTHER ORDERED** that the Petitioner's Motion for Alternative Relief under 28 U.S.C. § 2241 [CV Doc. 7] is **DISMISSED WITHOUT PREJUDICE** to Petitioner to seek such relief in his district of confinement.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: December 21, 2016

Martin Reidinger
United States District Judge