IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:16-cv-00146-MR
(CRIMINAL CASE NO. 2:08-cr-00024-MR-DLH-1)

| | |
|---|---|
| JAMES KANE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on a motion by Petitioner James F. Kane for reconsideration of this Court's denial of a certificate of appealability after this Court dismissed Petitioner's 28 U.S.C. § 2255 motion to vacate as an unauthorized, successive petition. [Doc. 11].

## BACKGROUND

On December 21, 2016, this Court dismissed Petitioner's § 2255 motion as an unauthorized successive application due to his failure to meet the standards for filing a successive application. [Doc. 9; see 28 U.S.C. §§ 2244(b)(2), 2255(h)]. This Court also declined to issue a certificate of appealability. [Id. at 14]. In particular, this Court found that Petitioner could not bring a claim under Johnson v. United States, 135 S. Ct. 2551 (2015),

because he was not sentenced under the residual clause of the Armed Career Criminal Act. [Id. at 10]. As noted in the Court's prior order, Petitioner received authorization from the Fourth Circuit Court of Appeals to file a successive petition based on the Fourth Circuit's finding that Petitioner made a prima facie showing that he "may" be entitled to relief under Johnson. [Id. at 3]. However, because this Court subsequently determined that Petitioner is not entitled to relief under Johnson, this Court dismissed Petitioner's motion to vacate as an unauthorized successive petition. [Id. at 10, 13]. Additionally, this Court held that Petitioner could not bring a claim pursuant to Descamps v. United States, 133 S. Ct. 2276 (2013), because that claim also did not meet the successive standards in 28 U.S.C. §§ 2244(b)(2) and 2255(h)(2). [Id. at 11]. Petitioner has now filed a motion for reconsideration, in which he argues that reasonable jurists would find Petitioner's claim for relief under Johnson at least debatable. [Doc. 11 at 2].

## STANDARD OF REVIEW

Petitioner purports to bring his motion under Rule 11(a) of the Rules Governing § 2255 proceedings in the District Courts. [Doc. 11 at 1]. However, that provision speaks to requirements for certificates of appealability and merely states that a motion for reconsideration does not extend the time for filing an appeal. See Rule 11(a) of the Rules Governing

2

§ 2255 Proceedings. Under the Federal Rules of Civil Procedure, which apply to § 2255 proceedings, a motion under Federal Rule of Civil Procedure 59(e) or 60(b) may serve as a motion for reconsideration. See Rule 12 of the Rules Governing § 2255 proceedings in the District Courts; Fed. R. Civ. P. 59(e), 60(b). Thus, the Court will assume that Petitioner's motion is brought under Rule 59 or 60.

## DISCUSSION

Here, Petitioner challenges this Court's denial of a certificate of appealability, arguing that reasonable jurists would find this Court's resolution of his constitutional claim debatable and relying on two district court cases in which defendants obtained relief under Johnson in original § 2255 proceedings. [Doc. 11 at 2, 4]. Regardless of which provision Petitioner is bringing his motion under, it fails because a § 2255 petitioner may not relitigate the merits of his claims in a motion for reconsideration. In his motion for reconsideration, Petitioner is merely presenting issues that were already ruled on by this Court, either expressly or by implication, when the Court dismissed the petition as successive and denied Petitioner a certificate of appealability. In determining that the petition is successive, the Court has already ruled that Petitioner has no valid Johnson claim. Thus, the Court's procedural finding on successiveness was inherently related to

3

the substantive issue of whether Petitioner had a constitutional claim under Johnson.  In denying a certificate of appealability, the Court determined that Petitioner had not shown that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong.  The Court declines to reverse its determination on this issue.

## CONCLUSION

Based on the foregoing, Petitioner's motion for reconsideration of the Court's prior denial of a certificate of appealability is denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion for Reconsideration [Doc. 11] is **DENIED**.

The Clerk is instructed to notify the Fourth Circuit Court of Appeals of the entry of this Order.

**IT IS SO ORDERED.**

Signed: March 1, 2017

Martin Reidinger
United States District Judge